# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **AHMED R. MORNING** | **CIVIL ACTION NO. 24-0156** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE S. MAURICE HICKS, JR.** |
| **ASSISTANT WARDEN NAIL** | **MAG. JUDGE KAYLA D MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Ahmed R. Morning, a prisoner at David Wade Correctional Center proceeding pro se, moves for a preliminary injunction. [doc. # 1]. Plaintiff filed the instant proceeding on approximately January 22, 2024, under 42 U.S.C. § 1983, naming Assistant Warden Nail as defendant.[1] For reasons that follow, the Court should deny Plaintiff's motion.

## Background

Plaintiff alleges that for over eight weeks, defendants[2] have denied him "any opportunity to be tested for Aids and HIV[.]" [doc. # 1, p. 1]. He "filled out multiple sick call request[s] to be [] tested for HIV/Aids, but [his] copy [has not] been returned . . . ."

Plaintiff also alleges that he and other inmates are not receiving needed medication. [doc. # 1, p. 1]. He suggests that defendant "completely" denied him "HIV/Aids medication[.]" *Id.* at 3. He has "suffered loss of weight, body deterioration, harm to reputation, fear, anxiety,

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

[2] Plaintiff often refers to more than one defendant, but he only names Assistant Warden Nail as defendant.

humiliation, and restrained liberty." *Id.* at 4. He alleges that he requested "treatment" on multiple occasions in December of 2023, but he has not received any care. *Id.* at 4. He alleges that his injuries will "lead to death without treatment." *Id.*

Plaintiff alleges that other inmates are "snitches" and attack him "through litigation." [doc. # 1, p. 4].

Plaintiff asks the Court to compel Nail to provide "needed medication." [doc. # 1, pp. 1, 5].

## Law and Analysis

A litigant moving for a preliminary injunction or temporary restraining order must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

**1. Medical Care**

To plead a constitutional violation, a plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (*quoting Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*,

511 U.S. 825, 847 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm. In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks and quoted sources omitted); *see Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824 (5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of professional judgment and does not support a finding of deliberate indifference.").

A. Medical Testing

Plaintiff does not meet his exacting burden of demonstrating that he is entitled to a preliminary injunction with respect to his claim that "defendants" have denied him "any opportunity to be tested for Aids and HIV[.]" [doc. # 1, p. 1].

First, Plaintiff does not ask the Court to enjoin defendant to provide testing; he only seeks medication. The Court should deny Plaintiff's motion—with respect to his allegations about

3

testing—on that basis alone.

Even assuming Plaintiff did seek testing, he does not show that there is a substantial threat that failure to grant the injunction will result in irreparable injury. He suggests that he wants diagnostic measures to ascertain *if* he already contracted AIDS or HIV, which may cause—or render him susceptible to—injury. Because he seeks to determine if he already contracted AIDS or HIV, he necessarily fails to establish that there *is* a substantial threat that failure to enjoin defendant to provide testing *will* result in irreparable injury.

B. Medication

Plaintiff claims that he and other inmates are not receiving needed medication. [doc. # 1, p. 1]. He suggests that defendant "completely" denied him "HIV/Aids medication[.]" *Id.* at 3. Plaintiff has "suffered loss of weight, body deterioration, harm to reputation, fear, anxiety, humiliation, and restrained liberty." *Id.* at 4.

First, to the extent Plaintiff seeks relief on behalf of other inmates, he lacks standing and, consequently, does not present a substantial likelihood of success on the merits. Persons claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights, as opposed to the rights of others. *Coon v. Ledbetter*, 780 F.2d 1158, 1159 (5th Cir. 1986); *Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."). In *Resendez v. Texas*, 440 F. App'x 305, 306 (5th Cir. 2011), for example, the court held that "to the extent that [the plaintiff] seeks to raise issues regarding the illegal confinement of other prisoners . . . , he lacks standing to bring those claims."); *see Kennedy v. Dallas Police Dep't*, 2007 WL 30260, at *2 (N.D. Tex. Jan. 4, 2007) (plaintiff may bring a Section 1983 action only for deprivations he

4

suffered).[3]

Next, Plaintiff does not present a substantial likelihood of success on the merits of his claim that *he* lacks unspecified medication for HIV or AIDS, failing to show that he has a serious medical need and is exposed to a substantial risk of serious harm. He does not (i) specify whether a medical provider prescribed the medication he seeks or (ii) state that he has HIV and/or AIDS (as above, he seeks testing to determine *if* he has the virus or syndrome). Moreover, he appears to indicate that his weight loss and body deterioration also stemmed from anxiety surrounding both the lack of testing and other inmates involving him in litigation (i.e., from causes unrelated to the injunction he seeks). [doc. # 1, p. 4]. And while he alleges that his injuries will "lead to death without treatment[,]" he does not identify any injuries.[4]

Even assuming Plaintiff believes that he has AIDS or HIV because of his symptoms, that he desires testing to confirm,[5] and that his symptoms amount to both a serious medial need and a substantial risk of serious harm,[6] he does not show that Defendant Nail knew of and disregarded

---

[3] *See also Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (holding that the plaintiff "would lack standing to seek § 1983 damages for violations of other prisoners' rights . . . ."); *Doe ex rel. Doe v. Beaumont Indep. Sch. Dist.*, 173 F.3d 274, 281 (5th Cir. 1999), on reh'g en banc sub nom. *Doe v. Beaumont Indep. Sch. Dist.*, 240 F.3d 462 (5th Cir. 2001) ("[W]hen making a determination of standing[,]" trial courts "are exhorted to consider . . . whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.").

[4] The undersigned recognizes that by "injuries," Plaintiff may be referring to his symptoms described above. That said, Plaintiff also suggests that he suffered from other injuries he has not described.

[5] As above, Plaintiff does not ask the Court to enjoin defendant to provide testing; he only seeks medication.

[6] Plaintiff does not specify how much weight he has lost or explain how his body is deteriorating. That said, he does indicate that his symptoms are "serious." [doc. # 1, p. 4].

a substantial risk of serious harm (i.e., he does not show that Nail was or is deliberately indifferent. At best, Plaintiff baldly and formulaically alleges, "Defendants know their no-completely denying plaintiff HIV/Aids medication poses a substantial risk of serious harm to Plaintiff. [sic]." [doc. # 1, p. 3]. But he does not provide any detail concerning what Defendant Nail knew or knows. He does not allege, for instance, what Nail knew about his medical needs or symptoms and when, whether and when he asked Nail to provide (or arrange the provision of) medication, or whether Nail received and read any requests for care concerning Plaintiff's symptoms and lack of medication.[7]

**2. State Action**

Plaintiff alleges that other inmates are "snitches" and attack him "through litigation." [doc. # 1, p. 4].

To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and quoted sources omitted). "Private individuals generally are not considered to act under color of law, *i.e.,* are not considered state actors . . . ." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).

Here, other inmates are manifestly private citizens, and Plaintiff does not offer any plausible allegations to establish that the other inmates acted under color of state law. *See Roman v. Anthony*, 848 F. App'x 633 (5th Cir. 2021) (holding, where the plaintiff alleged that other inmates attacked him, that the plaintiff "failed to allege facts or assert any argument

---

[7] In fact, Plaintiff suggests that his "sick call requests" concerned testing rather than medication. [doc. # 1, p. 3].

addressing whether the defendants acted under color of state law."); *Thibodeaux v. Bordelon*, 740 F.2d 329, 332 (5th Cir. 1984) (opining that the district court was "unquestionably correct" in holding that a co-detainee in a jail did not act under color of state law). Accordingly, Plaintiff does not establish a substantial likelihood of success on the merits of this claim.

Ultimately, Plaintiff does not meet his exacting burden of showing that he is entitled to a preliminary injunction. Plaintiff may, if he wishes, pursue permanent injunctive relief through the normal review process. **If Plaintiff cures the present deficiencies outlined in the Court's February 6, 2024 Memorandum Order, the Court will thereafter conduct an initial review of Plaintiff's claims.**

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Ahmed R. Morning's Motion for Preliminary Injunction, [doc. # 1], be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 7th day of February, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge